68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony WHITAKER, Defendant-Appellant.
 No. 95-5149.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 19, 1995.
Decided: October 13, 1995.
 
 Alan H. Yamamoto, Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, Irvin McCreary Allen, Special Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 After pleading guilty to assaulting a corrections officer in violation of 22 D.C. CODE Ann. Sec. 505(a) (Michie 1989 & Supp.1995), Anthony Whitaker was sentenced to sixty months incarceration to be served consecutively with the sentence he was serving at the time of the assault. Whitaker appeals, contending that his guilty plea was involuntary, and that the district court misapplied the federal sentencing guidelines by sentencing Whitaker more severely than his codefendants. We find that Whitaker knowingly and freely waived his right to appeal; consequently, we dismiss the appeal.
 
 
 2
 At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Whitaker to ensure he was competent to enter a plea, and that he understood the nature and consequences of his plea. Specifically, the court inquired into Whitaker's education, mental health, use of drugs or medication, and whether Whitaker understood all the rights he was forfeiting by pleading guilty. Whitaker acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. The plea agreement is valid because Whitaker made an intelligent and informed decision when he voluntarily pled guilty. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 3
 Additionally, the court asked Whitaker if he understood that he was waiving the right to appeal his conviction as well as his sentence. Whitaker answered, "Yes." Further, the court inquired whether he understood that he would be bound by his waiver of appellate rights even if his sentence was more severe than he or his attorney expected. Again, Whitaker answered, "Yes." Because the court fully questioned Whitaker during the Rule 11 hearing regarding waiving his appellate rights, the waiver is valid and enforceable. United States v. Wessells, 936 F.2d 165 (4th Cir.1991); United States v. Wiggins, 905 F.2d 51 (4th Cir.1990).
 
 
 4
 Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED